IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**SOUTHLAND METALS, INC.**                                                                                              **PLAINTIFF**

v.                                        **CASE NO. 5:13-CV-05049**

**AMERICAN CASTINGS, LLC**                                                                                         **DEFENDANT**

## OPINION AND ORDER

Now pending before the Court is Plaintiff Southland Metals, Inc.'s ("Southland") Motion for Prejudgment Interest, Attorneys' Fees, and Costs and brief in support (Docs. 86 and 87); Defendant American Castings, LLC's ("American Castings") response in opposition (Doc. 88); and Southland's reply (Doc. 92). For the reasons explained herein, Southland's Motion (Doc. 86) is **GRANTED IN PART AND DENIED IN PART**. The Court grants Southland's request for $155,439.45 in prejudgment interest and $3,545.58 in costs, but declines to award Southland's "enhanced" attorney fee request of $585,496.00. Instead, the Court awards Southland $435,496.00 in fees, which represents the full lodestar amount.

## I.  BACKGROUND

Southland brought suit against American Castings for alleged violations of a Manufacturers Representative Agreement ("Agreement"), and American Castings denied these allegations, contending instead that the contract between the parties was properly terminated for cause. The case was tried to a jury over a period of four days commencing on July 21, 2014. On July 24, 2014, the jury found that American Castings had breached the Agreement, causing damage to Southland in the sum of $3,840,779.45 (Docs. 72 and 73). This Court entered a Judgment on the jury's verdict on July 24, 2014 (Doc. 74).

Southland now requests an award of prejudgment interest, costs, and attorney fees and supports its request with a number of exhibits, including a calculation of prejudgment interest submitted by a professor of economics (Doc. 86-1); attorney time sheets, billing statements, and affidavits (Docs. 86-2, 86-3, and 86-4) submitted by Southland's counsel; and an affidavit written by a local attorney who confirms that Southland's counsel's hourly rates are reasonable. The Court will address Southland's requests for prejudgment interest, costs, and attorney fees in turn.

## II. DISCUSSION

### A. Prejudgment Interest

American Castings does not dispute that Southland is entitled to an award of prejudgment interest in the amount of $155,439.45. The Court has reviewed the affidavit and calculations submitted by Dr. Ralph Scott (Doc. 86-1), Professor of Economics at Hendrix College and president of Economic and Financial Consulting Group, Inc. Dr. Scott's calculations are well supported, and the interest rate of 6%, as per Okla. Stat. tit. 15 § 266 was correctly applied. Therefore, the Court finds that $155,439.45 in prejudgment interest is due and owing to Southland.

### B. Costs

American Castings also does not dispute that Southland is entitled to an award of costs in the amount of $3,545.58. The Clerk of Court has already taxed costs (Doc. 93) in favor of Southland in that amount. The Court accordingly ratifies the Clerk's Notice of Costs Taxed and finds that $3,545.58 in costs is due and owing to Southland.

## C. Attorney Fees

The crux of the dispute over attorney fees is not whether fees should be awarded but the appropriate amount of such fees. Indeed, American Castings "does not contest that Southland is entitled to the recovery of a *reasonable* attorney's fee; American Castings requests only that Southland not be awarded an amount to which it is not entitled." (Doc. 88, p. 3) (emphasis in original).

Both parties agree that the case of *State ex rel. Burk v. City of Oklahoma City*, 598 P.2d 659, 660-61 (Okla. 1979), correctly states the law of Oklahoma governing the appropriate determination of a reasonable attorney's fee.[1] According to *Burk*, there is a two-step process for calculating a fee award. First, a court must determine the "lodestar" amount based on the prevailing hourly rate within the market and number of hours counsel reasonably expended; and second, the court may consider enhancing or reducing this lodestar fee because of the time and labor required to resolve the dispute, the novelty and difficulty of the legal questions presented, the level of skill needed to perform the legal services rendered, whether the fee was fixed or contingent, or the reputation and ability of the attorneys, among other considerations. *Id.* "The determinations of which party prevailed in the litigation and the reasonableness of the attorney's fees award, however, fall within the discretion of the trial judge and are reviewed under an abuse of discretion." *Strickland Tower Maintenance, Inc. v. AT&T Comms., Inc.*, 128 F.3d 1422, 1428 (10th Cir. 1997).

---

[1] The contract at issue in this lawsuit was governed by Oklahoma law.

Here, American Castings does not take issue with the claimed hourly rates submitted by Southland's legal counsel. Rather, American Castings asks the Court to refuse to enhance the lodestar fee amount by $150,000.00, as Southland's counsel requests. American Castings attempts to argue that Southland's request for an enhancement of its fees should be denied due to counsel's practice of "block-billing." In particular, American Castings protests that "a large portion of the attorneys' fee time records submitted by Southland have been block-billed, such that it is impossible to determine the amount of time spent by Southland's counsel on specific tasks." (Doc. 88, p. 3).

The Court has considered the billing records submitted by Southland's attorneys and disagrees with American Casting's assertion that the bills are unclear. To the contrary, the Court finds that the billing records are quite detailed and enable the Court to conduct a thorough review of the precise services performed by Plaintiff's counsel in this case. The disfavored practice of "block-billing" only becomes a concern in a fee dispute when attorney billing records fail to indicate the specific tasks that attorneys have accomplished. When a court cannot evaluate whether an attorney's time was spent on services necessary to the effective litigation of the case or wasted on meritless endeavors, it becomes virtually impossible to conduct a meaningful analysis of the reasonableness of the fee request. In addition, block-billing is a concern when a lawsuit involves multiple, distinct claims, but at trial, only some of the claims succeed. When attorney billing records do not distinguish between time spent on winning claims and time spent on losing claims, the court finds itself in the difficult position of having to parse through time sheets to arrive at a reasonable award.

Notwithstanding the Court's discussion of "block-billing" above, such concerns are not at issue in the case at bar. This is because Southland prevailed on all claims in this contract dispute, and Southland's billing records are, as stated earlier, quite detailed. *See, e.g.*, Doc. 86-2. In addition, this case was sharply contested up to the time of the week-long jury trial. Counsel for both sides expended significant time and resources in preparing this document-intensive case for ready presentation to a jury. Therefore, after a careful review of the time sheets, the Court finds that all services billed by Southland's attorneys appear to have been reasonably undertaken, considering the significant demands of discovery; the parties' briefing on a contested motion for summary judgment and on eleven contested motions in limine; and the fact that Southland prepared to defend itself against multiple counterclaims filed by American Castings that were vigorously pursued until the eve of trial.

The lodestar calculation set forth by Southland's counsel is based on 878.4 hours of time billed by Attorney Kenneth R. Shemin at a rate of $300.00 per hour; 214.45 hours of time by paraprofessionals at Mr. Shemin's firm at a rate of $90.00 per hour; 405.9 hours of time billed by Attorney Grant E. Fortson at a rate of $285.00 per hour; 20.3 hours of time billed by Attorney Roger D. Rowe at a rate of $285.00 per hour; 1.7 hours of time billed by Attorney Laura R. Westbrook at a rate of $150.00 per hour; and 112.4 hours of time billed by Attorney Ashley L. Haskins at a rate of $140.00 per hour. Considering the experience of counsel, the relative complexity of the case, the contested issues prior to trial, the length

5

of the trial, and the positive outcome counsel secured for their client, a total lodestar fee award of $435,496.00 is appropriate in this case. [2]

Finally, the Court in its discretion may consider whether an enhancement to the lodestar fee is warranted pursuant to the factors announced in *Burk*. American Castings contends that no enhancement to the lodestar fee is justified, as Southland's attorneys worked on the case pursuant to an hourly-fee arrangement, rather than a contingent fee, and thus did not assume any extra risk in taking on the representation than what would ordinarily be present. The Court agrees. Furthermore, the time and labor required, novelty and difficulty of the legal questions, skill needed to perform the work, amount at stake and results obtained through litigation, and the experience and reputation of Southland's attorneys are factored into the attorneys' hourly rates and number of hours billed and are thus adequately accounted for by the lodestar.

### III.  CONCLUSION

In consideration of the above reasoning, the Court in its discretion finds that Southland's Motion for Prejudgment Interest, Attorneys' Fees, and Costs (Doc. 86) is **GRANTED IN PART AND DENIED IN PART** as follows: American Castings is ordered to pay Southland Metals $155,439.45 in prejudgment interest, $3,545.58 in costs, and $435,496.00 in attorney fees. Judgment will enter concurrently with this Order.

---

[2]  In making this finding, the Court observes that American Castings did not object to the hourly rates or particular services performed by the attorneys and paraprofessionals described in the billing records. If American Castings had objected to the hourly rates and/or services charged, the Court would have engaged in a more detailed discussion as to the propriety of those rates and services in comparison with the prevailing market and similar lawsuits.

**IT IS SO ORDERED** this 24th day of September, 2014.

_____
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE